<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA CRANMER, as an individual, BRIAN CRANMER, an individual, & TINY TOTS DAYCARE PRESCHOOL, LLC, a Limited Liability Company,<br><br>   Plaintiffs,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY & HARLEYSVILLE INSURANCE COMPANY,<br><br>   Defendants. | Civil Action No. 14-3206<br><br>OPINION AND ORDER |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Philadelphia Indemnity Insurance Company's ("PIIC") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (D.E. No. 23). The Court has considered the parties' submissions and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court grants PIIC's motion for summary judgment and dismisses the claims against PIIC in their entirety.

**I.   FACTUAL AND PROCEDURAL BACKGROUND[1]**

---

[1] The Court takes these facts from the following submissions: D.E. No. 23-1, PIIC's Statement of Material Facts ("Def. SMF."); and D.E. No. 28, Plaintiffs' Statement of Material Facts ("Pl. SMF"). The Court further notes that Plaintiffs' Statement of Material Facts does not comply with Local Civil Rule 56.1(a) because it does not responsively address the paragraphs set forth in PIIC's Statement of Material Facts. *See* L. Civ. R. 56.1(a) (providing that summary judgment opponents must "furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute"). Accordingly, the facts set forth in PIIC's Statement are considered undisputed and accepted as true for purposes of this summary judgment motion. *See* L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."); *Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467, 469

Plaintiff Tiny Tots Day Care Preschool, LLC ("Tiny Tots") is a day care business located in Little Egg Harbor Township, Ocean County, New Jersey. (Def. SMF ¶ 2; Pl. SMF ¶ 5). On or about October 29, 2012, Tiny Tots suffered windstorm damage caused by Superstorm Sandy. (Def. SMF ¶ 2; Pl. SMF ¶ 7).

Defendant PIIC is an insurance company that issued Tiny Tots a commercial insurance policy covering personal property and business interruption (the "Policy"). (Def. SMF ¶ 1; Pl. SMF ¶¶ 3-4). The Policy was in effect from May 22, 2012 to May 22, 2013. (Def. SMF ¶ 1).

Following the damage, Plaintiff Tiny Tots filed claims against PIIC and Plaintiffs Anna Cranmer and Brian Cranmer filed claims against Harleysville Insurance Company ("Harleysville"), a separate insurance company that insured their real property. (Def. SMF ¶ 2; Pl. SMF ¶ 3; *see also* D.E. No. 1, Complaint ("Compl.")).[2]

In response to the claims, PIIC retained Kim & Wright, P.C., Certified Public Accountants ("Kim & Wright")[3] to determine the value of the insured losses. (Def. SMF ¶ 4). On July 9, 2013, Kim & Wright valued the insured loss at $28,542.84. (*Id.*; *see also* K & W Rpt.).

This action was initially referred to New Jersey's Sandy Mediation program, but the parties did not reach a resolution during their July 16, 2013 mediation. (Def. SMF ¶ 4). After the unsuccessful mediation attempt, Plaintiffs retained their current counsel, The Rain Law Firm, who advised PIIC of their representation by letter dated July 18, 2013. (*Id.* ¶ 5).

---

n.2 (D.N.J. 2009) ("The Court deems undisputed each statement that [the summary judgment opponent] neither admitted nor denied . . . .").

[2] Plaintiffs Anna and Brian Cranmer "leased the subject property to Tiny Tots for use as a preschool and day care for children." (Compl. ¶ 10). Their claims against Harleysville are not at issue in this motion for summary judgment. However, because the parties' motions refer to "Plaintiffs" instead of "Plaintiff," the Court will do the same.

[3] PIIC's Statement of Material Facts refers to the firm as "Kim & Young," but the letterhead of the firm's report indicates that its correct name is "Kim & Wright." (*Compare* Def. SMF ¶ 3, *with* D.E. No. 23-8, Kim & Wright Preliminary and Tentative Report ("K & W Rpt.")).

2

On August 15, 2013, counsel for PIIC sent a letter to Plaintiffs' counsel advising of Kim & Wright's loss evaluation and offering $28,542.84 as a settlement. (Def. SMF ¶ 6; *see also* D.E. No. 23-9, 8/15/13 Ltr.). Specifically, the letter states as follows:

> [S]hould I not hear from you within ten (10) days of your receipt of this correspondence, I will instruct Philadelphia Insurance Company to tender settlement in an amount of $28,542.84 payable to Tiny Tots Daycare Preschool, LLC and The Rain Law Firm, its attorney. We will deem the acceptance of this payment as a full and final settlement of the claim as well as a release by your client of any further demand for recovery as against Philadelphia Insurance Companies.

(8/15/13 Ltr.). Plaintiffs' counsel did not respond to the August 15, 2013 letter. (Def. SMF ¶ 7).

On September 23, 2015, counsel for PIIC sent a settlement draft for $28,542.84 to Plaintiffs' counsel, along with an accompanying letter. (*Id.* ¶ 8; Pl. SMF ¶ 11; *see also* D.E. No. 23-10, 9/23/13 Ltr.). The letter stated as follows:

> Pursuant to my correspondence to you dated August 15, 2013, enclosed please find Philadelphia Indemnity Insurance Company's check, number 1111429396, made payable to Tiny Tots Day Care Preschool, LLC and The Rain Law Firm in the amount of $28,542.84 which is being tendered to you in good faith for the purposes of settlement. Upon your receipt of the enclosed, please contact my office so that we may discuss this matter and the positions of the parties moving forward.

(9/23/13 Ltr.). Plaintiffs' counsel did not respond to the September 23, 2015 letter. (Def. SMF ¶ 9; Pl. SMF ¶ 12).

The settlement draft was deposited on October 4, 2013. (Def. SMF ¶ 10). It was endorsed by Tiny Tots and Gregg J. Anderson on behalf of The Rain Law Firm. (*Id.*).

On December 9, 2013, counsel for PIIC wrote to Plaintiffs' counsel requesting a signed release of claims against PIIC. (*Id.* ¶ 11). Counsel for PIIC did not receive signed release or any other response to his request. (*Id.*).

3

On May 19, 2014, Plaintiffs filed the Complaint in this action. (Compl.). In the Complaint, Tiny Tots alleges breach of contract and breach of the implied covenant of good faith and fair dealing against PIIC. (*Id.* at 4-9).

On January 12, 2015, the Court held a telephone conference to address PIIC's letter requesting to file an early summary judgment motion. (D.E. Nos. 20-22). The Court granted PIIC leave to file a summary judgment motion, which it filed on January 26, 2015. (D.E. No. 23-1, Brief in Support of PIIC's Motion for Summary Judgment ("Def. Mov. Br.")). Plaintiffs opposed the motion on February 27, 2015, (D.E. No. 28, Brief in Opposition to PIIC's Motion for Summary Judgment ("Pl. Opp. Br.")). In addition, with the Court's permission, Plaintiffs filed a certification in opposition to PIIC's motion on March 20, 2015. (D.E. No. 35-1, Certification of Matthew Kotzen, Esq. ("Kotzen Cert.")). PIIC replied via letter brief on March 23, 2015. (D.E. No. 35). The motion is now ripe for resolution.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, a court must consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The role of the court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A factual dispute is genuine if a reasonable jury could find in favor of the nonmoving party and it is material only if it bears on an essential element of the plaintiff's claim. *Fakete v. Aetna,*

4

*Inc.*, 308 F.3d 335, 337 (3d Cir. 2002). When deciding a summary judgment motion, a court must view the record and draw all inferences in a light most favorable to the opposing party. *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011).

## III. DISCUSSION

PIIC argues that the doctrine of Accord and Satisfaction bars Plaintiffs' claims against it. (Def. Mov. Br. at 4). "An accord and satisfaction is an agreement which, upon its execution, completely terminates a party's existing rights and constitutes a defense to any action to enforce pre-existing claims. An accord is an agreement whereby one party agrees to make some performance in exchange for extinguishment of a debt or other obligation; execution of an accord constitutes a satisfaction and extinguishes the debt." *Nevets C.M., Inc. v. Nissho Iwai Am. Corp.*, 726 F. Supp. 525, 536 (D.N.J. 1989) (internal citations omitted).

In New Jersey, an accord and satisfaction requires three elements: "(a) a bona fide dispute as to the amount owed; (b) a clear manifestation of intent by the debtor to the creditor that payment is in satisfaction of the disputed amount; and (c) acceptance of satisfaction by the creditor." *Id.* (citing *Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.*, 366 A.2d 721, 726 (N.J. Super. Ct. App. Div. 1976)).

First, the Court considers whether there is a bona fide dispute as to the amount owed. *See id.* The parties do not appear to dispute this element. PIIC asserts that a bona fide dispute exists. (Def. Mov. Br. at 9). Plaintiffs' brief does not directly address whether a bona fide dispute exists, but it asserts that PIIC's obligation is worth "nearly one million dollars." This indicates a bona fide dispute with PIIC, who valued the claim at $28,582.84. (*See* Pl. Opp. Br. at 6). Accordingly, the Court determines that there was a bona fide dispute regarding the amount owed and therefore the first element of an accord and satisfaction is met.

Second, the Court considers whether there was a clear manifestation by PIIC to make a payment in satisfaction of the dispute.  *See Loizeaux*, 366 A.2d at 726.  New Jersey courts have held that a "check and [Offer Letter] can, and indeed must, be read together" when determining whether there is a manifestation of intent to settle.  *See Perotta v. LG Elecs. USA, Inc.*, No. 12-246, 2013 WL 4446975, at *5 (D.N.J. Aug. 15, 2013) (quoting *A.G. King Tree Surgeon v. Deeb*, 356 A.2d 87, 89 (N.J. Super. Ct. App. Div. 1976)); *see also Sculthorpe v. N.Y. Life Ins. Co.*, No. 90-1474, 1991 WL 143454, at *3 (D.N.J. July 16, 1991).  "The requisite manifestation of intent 'may be expressed in the check itself, or in the letter or account, or receipt accompanying the remittance, or even orally in conversation.'"  *Bayside Chrysler Plymouth Jeep Eagle, Inc. v. Ma*, No. DC-9699-02, 2006 WL 1449783, at *7 (N.J. Super. Ct. App. Div. May 26, 2006). Accordingly, "references on the check 'to the specific claims being paid' and 'language constituting a release' carry significant probative force when determining whether the debtor clearly intended to satisfy the disputed amount."  *Id*.

Here, the Court determines that there was a clear manifestation of intent by PIIC to pay $28,542.84 in satisfaction of the dispute.  Plaintiffs argue that there was no clear manifestation of intent because "[t]he haphazard action of writing the word 'final' on a check cannot be interpreted as acceptance of settlement" given that "[m]ost first party insurance checks contain the word 'final' on them."  (Pl. Opp. Br. at 6).  But this argument focuses on the check only, and ignores the fact that PIIC clearly stated its intent in its letters dated August 15, 2013 and September 23, 2013.  In its August 15, 2013 letter, counsel for PIIC stated that it will "tender settlement in an amount of $28,542.84" and that it will "deem the acceptance of this payment as a full and final settlement of the claim as well as a release by your client of any further demand for recovery as against Philadelphia Insurance Companies."  (Def. SMF ¶ 6; *see also* 8/15/13 Ltr.).  Similarly, in its

6

September 23, 2013 letter, counsel for PIIC stated "[p]ursuant to my correspondence to you dated August 15, 2013," a check "is being tendered to you in good faith for the purposes of settlement." (Def. SMF ¶ 7; 9/23/13 Ltr.). The language in these letters is sufficiently clear to establish a manifestation of intent under the law. *See Bayside Chrysler*, 2006 WL 1449783, at *7; *see also A.G. King*, 356 A.2d at 88 (holding that a "notation . . . to the effect that this $100 was in full and final settlement of all claims" was sufficient to manifest intent). The fact that check accompanying the September 23, 2013 letter was labeled "FINAL" lends further support to this conclusion. (*See* Def. SMF ¶ 12). Reading the check and letters together, as the Court is required to do, there is no doubt that PIIC manifested its intent to make a payment in satisfaction of the dispute.

Third, the Court considers whether Plaintiffs accepted the satisfaction offered by PIIC. *See Loizeaux*, 366 A.2d at 726. "In New Jersey, the 'rule has been that when a check is tendered as payment for an unliquidated claim on the condition that it be accepted in full payment, the creditor is deemed to have accepted this condition by depositing the check for collection not withstanding any obliteration or alteration.'" *Ameritemps, Inc. v. Hainesport Indus. R.R., LLC*, No. DC-010783-10, 2014 WL 684583, at *4 (N.J. Super. Ct. App. Div. Feb. 24, 2014) (internal citation omitted); *see also Perotta*, 2013 WL 4446975, at *5 ("Plaintiffs do not contest that they received, endorsed, and cashed each of the four checks they have received to date."). Moreover, if a "check was unacceptable as final settlement, [a Plaintiff's] remedy [is] to return the check . . . and sue for the full amount claimed due." *Perotta*, 2013 WL 4446975, at *5 (internal citation omitted); *see also Bayside Chrysler*, 2006 WL 1449783, at *8 ("Even if the creditor protests, there is acceptance the moment the check cashing occurs. In other words, when a 'check bears a notation indicating that it is being tendered in full satisfaction of the disputed debt, we impute to the creditor an intent to be bound by the amount of the check if the creditor deposits the check for collection'") (internal

7

citation omitted) (quoting *Zeller v. Markson Rosenthal & Co.*, 691 A.2d 414, 415 (N.J. Super. Ct. App. Div. 1997)).

Plaintiffs argue that PIIC cannot establish its acceptance because there was "no meeting of the minds evidencing final settlement." (Pl. Opp. Br. at 6). Plaintiffs rely on the fact of "conversations between plaintiffs' counsel, Matthew Kotzen, subsequent to tendering of a payment in September 2013, wherein counsel encouraged Philadelphia to pay toward the overall claim, but there was no acceptance of the sum as a final settlement." (*Id.*). Plaintiffs further argue that, "[i]ndeed, no settlement agreement was made between the parties, no consideration was provided, and no release was executed by the insured/plaintiffs." (*Id.*).

The Court disagrees. There is no dispute that the check sent by PIIC's counsel was deposited on October 4, 2013. (Def. SMF ¶ 10). In addition, the Court has already determined that PIIC clearly indicated that the check was being tendered in full satisfaction of a disputed debt. Accordingly, by depositing the check, Plaintiffs accepted the satisfaction. *See Perotta*, 2013 WL 4446975, at *5; *Bayside Chrysler*, 2006 WL 1449783, at *8. Plaintiffs' argument that there was "no meeting of the minds" is without merit. (*See* Pl. Opp. Br. at 6).[4] Specifically, it ignores the clear law in this state that "when 'a check bears a notation indicating that it is being tendered in full satisfaction of the disputed debt, we impute to the creditor an intent to be bound by the amount of the check if the creditor deposits the check for collection.'" *Bayside Chrysler*, 2006 WL

---

[4] Plaintiffs specifically argue that there were "conversations between plaintiffs' counsel, Matthew Kotzen, subsequent to the tendering of a payment in September of 2013, wherein counsel encouraged Philadelphia to pay toward the overall claim, but there was no acceptance of the sum as a final settlement." (Pl. Opp. Br. at 6). Kotzen's certification contains similar facts. (Kotzen Cert. ¶ 8). The Court notes that these facts contradict facts that Plaintiffs did not dispute in PIIC's Statement of Material Facts, including the fact that Plaintiffs' counsel did not contact PIIC following either the August 15, 2013 or September 23, 2015 letters. (*See* Def. SMF ¶¶ 7, 9). Nevertheless, any dispute regarding these facts is immaterial because acceptance occurs when a creditor deposits a check, regardless of whether it was done "in protest." *See Bayside Chrysler*, 2006 WL 1449783, at *8 (citing *Zeller*, 691 A.2d at 415).

1449783, at *8 (citing *Zeller*, 691 A.2d at 415). Despite Plaintiffs' arguments otherwise, the law requires the Court to impute agreement to Plaintiffs because they deposited the check.[5] Finally, the Court notes that Plaintiffs did not dispute PIIC's statement that Plaintiffs did not respond to either the August 15, 2013 or September 23, 2013 letters, which further supports a determination that Plaintiffs accepted the satisfaction. (*See* Def. SMF ¶¶ 7, 9).

Plaintiffs raise several additional arguments in opposition to PIIC's motions, but all are without merit. First, Plaintiffs point out that "[c]ritical in the analysis is that with Accord and Satisfaction, there is a requirement that consideration must be given as to the partial payment of the original debt."[6] (Pl. Opp. Br. at 6). Plaintiffs provide no further argument on this point, nor do they explain why this requirement is not met. Plaintiffs are correct that an accord and satisfaction requires consideration. *Ameritemps*, 2014 WL 684583, at *4 ("Additionally, a valid accord and satisfaction requires consideration, which means '[t]here must be some advantage, or presumed or assumed advantage, accruing to the party who yields his claim, or some detriment to the other party.'" (quoting *Decker*, 88 N.J. at 632)). Here, there was consideration between the parties because Plaintiffs received a sum of money and PIIC received a release of claims. Accordingly, the consideration requirement does not bar a determination that accord and satisfaction occurred.

Next, Plaintiffs argue that summary judgment should be denied as premature because there is outstanding discovery. (Pl. Opp. Br. at 7). First, Plaintiffs argue that the Kim & Wright report

---

[5] For this reason, Plaintiffs' argument that they did not sign a release of claims is also without merit. The acceptance occurred upon depositing a check that was clearly offered as a settlement. *See Bayside Chrysler*, 2006 WL 1449783, at *8 (citing *Zeller*, 691 A.2d at 415). Moreover, Plaintiffs cite no authority to support their argument that an accord and satisfaction cannot be valid without a release.

[6] In support of this proposition, Plaintiffs cite *Decor v. George W. Smith and Company*, 88 N.J. 630 (1960). The Court could not identify any such case, but did identify *Decker v. George W. Smith & Co.*, 88 N.J. 630 (1916), which appears to be the case on which Plaintiffs intend to rely.

"was provided to the defendants on January 15, 2015, although the report was clearly dated nearly 18 months before hand." (*Id.*). However, Plaintiffs fail to explain why the purported delay supports their argument that summary judgment is premature. "Second, and more significantly," Plaintiff argues that PIIC "has referenced in its brief, numerous discussions between the claims adjuster and counsel regarding claims." (*Id.*). Plaintiffs argue that this "information in the claim files would be critical in any type of analysis with regard to the settlement of the claim." (*Id.*). Despite these arguments, Plaintiffs have not raised any genuine issue of material fact in dispute, nor have they explained how any additional discovery could reveal any genuine issue of material fact. Moreover, as Plaintiffs admit, the additional discovery they seek includes "an ongoing discussion between defendant and counsel" which may be undiscoverable and protected by attorney client privilege. (*Id.*). In sum, the Court determines that summary judgment is not premature.

**IV.     CONCLUSION**

For the foregoing reasons, PIIC's motion for summary judgment is granted in its entirety.

Accordingly, it is on this 18th day of September 2015 hereby

ORDERED that Defendant PIIC's motion for summary judgment, (D.E. No. 23), is granted; and it is further

ORDERED that Plaintiffs' claims against PIIC, Counts II and IV of the Complaint, are dismissed in their entirety.

SO ORDERED.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**