<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA CRANMER, as an individual, BRIAN CRANMER, as an individual, & TINY TOTS DAYCARE PRESCHOOL, LLC, a Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY & HARLEYSVILLE INSURANCE COMPANY,<br><br>　　　　　　Defendants. | Civil Action No. 14-3206<br><br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiffs' motion for reconsideration pursuant to Local Civil Rule 7.1(i). (D.E. No. 41). The Court has considered the parties' submissions and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court denies Plaintiffs' motion for reconsideration.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2015, the Court issued an Opinion and Order granting Defendant Philadelphia Indemnity Insurance Company's ("PIIC") motion for summary judgment and dismissing Plaintiffs' claims against PIIC: Counts II and IV of the Complaint. (D.E. No. 39, Opinion). Notably, the Court found that PIIC's tender of the $28,582 settlement check, combined with Plaintiffs' depositing of that check, constituted an "accord and satisfaction" of Plaintiffs' outstanding claims on its insurance policy with PIIC. *Id.*

1

On October 2, 2015, Plaintiffs filed the instant motion for reconsideration, asking the Court to reconsider its September 18, 2015, Order and Opinion, arguing that summary judgment should not have been granted for Defendant PIIC. (D.E. No. 41, Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Pl. Mov. Br.")). On October 14, 2015, Defendant PIIC filed a brief in opposition. (D.E. No. 45, Brief in Opposition to Plaintiffs' Motion for Reconsideration ("Def. Opp. Br.")). On November 9, 2015, Plaintiff Tiny Tots filed a brief in reply. (D.E. No. 49, Plaintiff Tiny Tots' Reply Brief, (Pl. Reply Br.")).

On June 14, 2016, the Court ordered the parties to submit supplemental briefing on the following three issues:

1. Whether evidence shows that attorneys for Plaintiffs acted outside the scope of their authority in cashing the settlement check at issue;

2. If so, can this fact vitiate Plaintiffs' acceptance of the settlement check for the purposes of "accord and satisfaction;"

3. Whether such a finding warrants the granting of Plaintiffs' motion for reconsideration in order to prevent "manifest injustice."

(D.E. No. 58).

Accordingly, on June 22, 2016, the parties submitted simultaneous supplemental briefing. (D.E. Nos. 59, 60). On June 27, 2016, the parties submitted simultaneous responses. (D.E. Nos. 60, 61). The matter is now ripe for resolution.

## II.   STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). "A motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity, Inc.*, No. 11-7182,

2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

To succeed on a motion for reconsideration, the movant must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Catlett v. N.J. State Police*, No. 12-153, 2013 WL 6095824, at *2 (D.N.J. Nov. 19, 2013) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

## III. DISCUSSION

In their motion for reconsideration, Plaintiffs ask the Court to reconsider its decision to grant summary judgment in favor of Defendant PIIC on Counts II and IV of the Complaint. (Pl. Mov. Br. at 4-5). Generally, Plaintiffs contend that "the Court's decision is incorrect as material facts clearly demonstrate that the elements of the doctrine of Accord and Satisfaction were not met in the case at hand." (*Id.*). According to Plaintiffs, the motion should have been denied as premature because discovery is still incomplete. (*Id.* at 17).

In response, Defendant argues that the motion for reconsideration should be denied because Plaintiffs (1) improperly introduce new evidence which was not presented in opposition to the summary judgment motion, (2) rehash arguments already raised and decided on the motion, and (3) raise additional arguments that they failed to raise in opposition to the motion. (Def. Opp. Br. at 1). The Court will address each argument in turn below.

**A. Arguments Raised on the Underlying Motion for Summary Judgment**

Plaintiffs' motion for reconsideration reiterates two arguments which were made previously in opposition to the motion for summary judgment. First, Plaintiffs argue that summary judgment was granted in error because the third element of accord and satisfaction, "acceptance," was not met. (Pl. Mov. Br. at 14-15). Specifically, Plaintiffs argue that there was no accord and satisfaction because "Plaintiff viewed the check at issue as a partial payment of the undisputed amount of the overall claim." (*Id.* at 14). And second, Plaintiffs argue that summary judgment should not have been granted because discovery in this case was incomplete at the time the motion was decided. (Pl. Mov. Br. at 17-19; D.E. No. 28 at 7).

"[A] motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher v. St. Joseph Reg'l Med. Ctr.*, No. 10-1499, 2013 WL 3146879, at *3 (D.N.J. June 19, 2013); *see also Warren v. Fisher*, No. 10-5343, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013).

Here, Plaintiffs raised both arguments in their brief in opposition to the summary judgment motion, and the Court ruled on both arguments in its September 18, 2015 Opinion. Regarding the first argument, Plaintiffs argued in opposition to summary judgment that there was no accord and satisfaction, despite depositing the settlement check, because "there was no acceptance of the sum as a final settlement." (D.E. No. 28 at 6). The Court nevertheless found that the element of "acceptance" was met because the law required the Court to impute agreement to Plaintiffs since they deposited the check. (*See* Opinion at 8-9). The Court similarly addressed the second argument in its September 18, 2015 Opinion, finding that it lacked merit because Plaintiffs failed to explain "how any additional discovery could reveal any genuine issue of material fact" to defeat summary judgment. (Opinion at 10).

Clearly, both arguments in support of the present motion constitute attempts to re-litigate matters already decided by the Court. Accordingly, these arguments are not appropriate for a reconsideration motion and will not be considered. *Fletcher*, WL 3146879, at *3.

### B. Arguments Raised for the First Time on the Present Motion

Plaintiffs' motion for reconsideration also presents several arguments that were not raised in opposition to the underlying motion for summary judgment. First, Plaintiffs argue that the first element of accord and satisfaction was not met because the amount of the payment owed to Plaintiff was in fact "undisputed," despite the Court's holding to the contrary. (Pl. Mov. Br. at 14, 16). Specifically, Plaintiffs now argue that the check at issue constituted "an undisputed amount in connection with a much larger, multi-tiered disputed amount." (*Id.* at 14). However, as the Court noted in its September 18, 2015 Opinion, Plaintiffs did not squarely address this issue in their opposition brief on the underlying summary judgment motion, (*See* Opinion at 5), and thus the Court will not consider any newly raised arguments on this issue in support of reconsideration.

Second, Plaintiffs argue for the first time that summary judgment should not have been granted because Defendant PIIC violated N.J.S.A. 17:29B-1 *et. seq.* and N.J.A.C. 11:2-17.11(b), which allegedly governs the practice of insurers in New Jersey under certain circumstances. (Pl. Mov. Br. at 16-17).[1]

---

[1] The Court notes that in Plaintiffs' "Statement of Material Facts" included with their brief in opposition to summary judgment, Plaintiffs cited to N.J.S.A. 17:29B-1 and asserted that under this statute, "Philadelphia had an obligation to investigate, bargain, and settle claims in good faith." (D.E. No. 28 at 1). However, Plaintiffs' briefing provided no argument on this point, and did not explain how the statute was allegedly violated. The Court thus did not consider a violation of this statute in its summary judgment analysis, and treats it as raised for the first time on the present motion.

Furthermore, the Court notes that Plaintiffs expanded upon their "good faith" argument in their supplemental briefing on the present motion. (See D.E. No. 60 at 5, 15-17). However, the Court permitted supplemental briefing only on three discreet issues, as outlined in Section I, *supra*, and did not permit supplemental briefing on any other matter. Plaintiffs' continued introduction of such arguments—even in contravention of explicit instructions from the Court—reinforces the conclusion that Plaintiffs impermissibly seek to use the present motion as a "second bite at the apple" of summary judgment. *Garzella v. Borough of Dunmore*, No. 5-1626, 2007 WL 1450416, at *2 (M.D. Pa. May 15, 2007) (noting

In making these arguments, however, Plaintiffs fail to establish a proper basis for reconsideration. Rather, Plaintiffs appear to be using the present motion to litigate new arguments that should have been raised on the motion for summary judgment. Accordingly, the Court will not consider either argument on the present motion. *See Warren*, 2013 WL 6805668, at *3 ("[r]econsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided.").

### C. New Evidence Submitted in Support of Plaintiffs' Motion for Reconsideration

Plaintiffs attach numerous items of evidence in support of their motion for reconsideration. (*See* D.E. Nos. 41, 49).[2] Defendant argues that this evidence should not be considered on the present motion because Plaintiffs offer no explanation as to why the documents "were not included in [Plainitffs'] initial opposition or supplemental filing in opposition to summary judgment." (Def. Opp. Br. at 7).

In considering evidence presented in support of a motion for reconsideration, courts should, "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 1:10-06342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may only present evidence that it "could not earlier submit to the court because that evidence was not

---

that "a motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion, should not provide the parties with a second bite at the apple").

[2] Evidence attached to Plaintiffs' moving brief, (D.E. No. 41), includes the Certification of Anna Cranmer, a statement of loss, and a disbursement letter from the RAIN Law Firm to Cranmer, (Exhibit A); the Certification of Matthew Kotzen, Esq., (Exhibit B); a copy of the insurance policy, (Exhibit C); PIIC's initial acknowledgment letter, (Exhibit D); emails from the New Jersey Department of Banking and Insurance, (Exhibit E); and correspondence from the RAIN Law Firm, (Exhibit G). Plaintiffs attach further evidence in support of their reply brief, (D.E. No. 49), including excerpts of the deposition testimony of Anna Cranmer, (Exhibit AA), Michael Fromosky, (Exhibit BB), and Karl Held, (Exhibit CC).

previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Thus, for example, where the moving party seeks to submit an affidavit in support of its motion for reconsideration, courts may properly disregard the affidavit where it "contain[s] evidence that was available prior to the summary judgment." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

As Defendant notes, all of the evidence submitted in support of the present motion appears to have been available during the pendency of summary judgment, and Plaintiffs provide no explanation why this evidence was not submitted in opposition to the motion. This alone constitutes a sufficient basis for the court to disregard the new evidence. *Howard Hess Dental Labs. Inc.*, 602 F.3d at 252 (affirming district court's refusal to consider new evidence on reconsideration where "[n]othing in the record suggests that the evidence the [p]laintiffs sought to present post-summary judgment was unavailable to them when they filed their summary judgment motion").

However, representations made by Plaintiffs in these new submissions seem to suggest that Plaintiff Anna Cranmer's attorneys may have acted without actual or apparent authority in depositing the settlement check on her behalf, potentially vitiating the resulting accord and satisfaction.[3]  *United States v. Lightman*, 988 F. Supp. 448, 464 (D.N.J. 1997) ("Under New Jersey law, it has been held that negotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a

---

[3] For example, the Certification of Anna Cranmer submitted with Plaintiffs' moving brief, Cranmer certifies that "at no time did I accept a check or even see a check from PIIC in the amount of $28,542.84." (D.E. No. 41-1, Certification of Anna Cranmer). Cranmer makes similar representations in her deposition, as attached to her reply brief. (D.E. No. 49-1, Transcript of Cranmer Deposition at 320:7-21).

7

situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of the client.").

Because of this, at the June 14, 2016 Telephone Conference, the Court granted Plaintiffs leave to file additional certifications clarifying the circumstances surrounding their attorneys' depositing of the settlement check on Plaintiff Anna Cranmer's behalf. (*See* D.E. No. 58). The Court also requested supplemental briefing on whether a showing that Plaintiffs' attorneys acted without authority would necessitate reconsideration to avoid "manifest injustice." (*Id.* (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc.* 176 F.3d at 677).

On June 22, 2016, Cranmer submitted a new certification clarifying that she had in fact been informed that her attorneys at the RAIN Law Firm had received the settlement check, and that she had subsequently allowed the firm to deposit the check in its trust account. (D.E. No. 60-1, Certification of Anna Cranmer II at 6). The certification of Matthew Kotzen at the RAIN Law Firm further supports these assertions. (See D.E. No. 60-2, Certification of Matthew Kotzen). Based on these submissions, the Court is satisfied that Plaintiffs' attorneys at the RAIN Law Firm did not act outside the scope of their authority by depositing the settlement check.[4] Thus, the possibility of a "manifest injustice" resulting from a denial of reconsideration is not implicated by these facts. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc.* 176 F.3d at 677 (setting forth grounds

---

[4] In their supplemental briefing, Plaintiffs slightly revise their argument regarding "acceptance" of the $28,542.84 check by contending that neither Cranmer *nor her attorneys at the RAIN Law Firm* intended the depositing of the check to constitute a complete satisfaction of Defendant's debt. (*See* D.E. No 60, Plaintiffs' Supplemental Brief at 9). However, because the new certifications requested by the Court show that Cranmer and her counsel both approved the deposit, the Court finds this argument to be no different than the one already decided in the Court's September 18, 2015 Opinion. (*See* Opinion at 9 (finding that "the law requires the Court to impute agreement to Plaintiffs because they deposited the check")). Accordingly, this argument will not be considered on the present motion for reconsideration. *See Fletcher*, 2013 WL 3146879, at *3 (holding that "a motion for reconsideration may not be used to re-litigate old matters" previously decided by the court).

for reconsideration). As such, even if the Court were to consider the new certifications and depositions submitted for the first time in support of the present motion, such evidence would not warrant reconsideration of the motion for summary judgment. *Id.*

Accordingly, the Court concludes that Plaintiffs' submissions fail to establish grounds for reconsideration.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. An appropriate Order follows this Opinion.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**
